IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PATRECE KING,                      §
                                   §
                  Plaintiff,       §
                                   §  Civil Action No. 3:05-CV-0026-D
VS.                                §
                                   §
ENTERPRISE LEASING COMPANY         §
OF DFW, et al.,                    §
                                   §
                  Defendants.      §

MEMORANDUM OPINION
AND ORDER

Defendants Enterprise Rent-A-Car Company of Texas ("Enterprise-Texas") and Enterprise Rent-A-Car Company ("Enterprise Company") move under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) to dismiss the claims against them. Both defendants move to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. Enterprise Company also moves to dismiss for lack of personal jurisdiction. For the reasons that follow, the court denies the motions.

I

This is an action by plaintiff Patrece King ("King") alleging claims for race and sex discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code Ann. §§ 21.001-21.556 (Vernon 2006), and/or 42 U.S.C. § 1981, and a pendent state-law claim for breach of contract. She originally sued defendants Enterprise

Leasing Company of DFW ("Enterprise-DFW") and Enterprise-Texas. She named the same two defendants in her first and second amended complaints.   King later obtained leave to file a third amended complaint in order to add Enterprise Company as a defendant. Accordingly, King now sues Enterprise-DFW, Enterprise-Texas, and Enterprise Company.   Enterprise-Texas and Enterprise Company contend that Enterprise-DFW was King's employer, and they move on various grounds to dismiss the actions against them.

II

Enterprise Company and Enterprise-Texas first contend that the claims against them under Title VII, TCHRA, and § 1981 must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because neither was King's employer.[1]

The court denies this motion on the threshold ground that it is not properly presented under Rule 12(b)(1).   On an analogous question, the Supreme Court decided just last month "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y&H Corp.,* 546 U.S. ___, 126 S.Ct. 1235, 1245 (2006).   Having considered the Court's reasoning for this conclusion, *see id.* at 1244-45, this court discerns no principled

---

[1]They do not explicitly address her breach of contract cause of action.   *See, e.g.,* Ds. Dec. 28, 2005 Br. 4 ("this Court lacks subject matter jurisdiction over Plaintiff's claims of alleged employment discrimination").

- 2 -

basis to hold that the question whether Enterprise Company or Enterprise-Texas was King's employer should be treated as an issue of the court's subject matter jurisdiction under Title VII or § 1981. Accordingly, the court denies defendants' motion to dismiss King's Title VII and § 1981 claims under Rule 12(b)(1).

Nor does the court conclude that Texas law would treat the question whether Enterprise Company or Enterprise-Texas was King's employer under TCHRA as one of subject matter jurisdiction. "Especially in recent years, the trend among Texas courts has been to view state statutory prerequisites for claims as mandatory but not jurisdictional." *Ancira Enters., Inc. v. Fischer*, 178 S.W.3d 82, 89 n.8 (Tex. App. 2005, no pet.) (citing *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 182-83 (Tex. 2004); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000)) (rejecting contention that issue of whether defendants were plaintiff's employer under Tex. Labor Code Ann. § 21.002, the TCHRA anti-retaliation provision, was one of subject matter jurisdiction). Accordingly, the court also denies the motion insofar as it is addressed to King's TCHRA-based claims.

### III

Enterprise-Texas and Enterprise Company next move to dismiss King's action under Rule 12(b)(6) on the ground that they are separate entities from Enterprise-DFW, that King was employed only by Enterprise-DFW, and that they were not her employer. King

responds that there is a genuine issue of material fact whether Enterprise Company, Enterprise-Texas, and Enterprise-DFW qualify as her employer on the basis that they are a single integrated enterprise.

In deciding a 12(b)(6) motion, the court construes the complaint in the light most favorable to King, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in her favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (internal quotation marks omitted). "[D]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *Id.* (internal quotation marks omitted). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (Rule 12(c) decision).

King alleges that, at the time of the events that are the basis of her lawsuit, she worked as a Loss Control Specialist for "Enterprise Rent-A-Car." 3d Am. Compl. ¶ 2.01. This allegation, which does not differentiate among Enterprise Company, Enterprise-Texas, and Enterprise-DFW, is similar to her assertion that she

"began her employment with *the Defendant* on April 19, 1996," *id.* (emphasis added), and the argument in her brief that all three are a single integrated enterprise.  Because the court must accept all the well-pleaded facts of King's complaint as true and view them in the light most favorable to her, the allegations of her complaint are sufficient *at the Rule 12(b)(6) stage* to aver that Enterprise Company was her employer under Title VII, TCHRA, and § 1981.  The court therefore denies Enterprise Company's Rule 12(b)(6) motion.[2]

Assuming *arguendo* that Enterprise-Texas did not waive its Rule 12(b)(6) motion by filing an answer on June 6, 2005 before it filed the Rule 12(b)(6) motion on December 28, 2005, *see* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361, at 92 (3d ed. 2004) ("If the defendant decides to assert a Rule 12(b) defense by motion, then he must do so before filing the answer."), the court denies the motion for the same reasons that it denies Enterprise Company's motion, i.e., that King has pleaded that Enterprise-Texas was her employer.

---

[2]The court recognizes that resolving the question whether it has personal jurisdiction over Enterprise Company should logically precede deciding whether King has stated a claim against Enterprise Company on which relief can be granted.  In defendants' combined motion, however, they assert Enterprise Company's Rule 12(b)(6) motion before they raise the Rule 12(b)(2) motion, so the court is taking up the motions in the order they are presented.  Further, for reasons the court will explain, it is denying the Rule 12(b)(2) motion.  It must therefore decide the Rule 12(b)(6) motion in any event.

IV

Enterprise Company moves to dismiss under Rule 12(b)(2) on the ground that the court lacks personal jurisdiction over it.

A

Enterprise Company's Rule 12(b)(2) motion presents a different question procedurally and is not resolved in King's favor as the inexorable consequence of the court's prior rulings.  Unlike a Rule 12(b)(6) motion, the court does not decide the instant motion based only on a deferential view of King's complaint.  Instead, King must present a prima facie case of personal jurisdiction.

> When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits.  Therefore, in a no-hearing situation, a plaintiff satisfies [her] burden by presenting a *prima facie* case for personal jurisdiction.

*Latshaw*, 167 F.3d at 211 (footnote omitted).  "This liberal standard, however, does not require the court to credit conclusory allegations, even if they remain uncontradicted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 2000 U.S. Dist. LEXIS 22714, at *7-*8 (N.D. Tex. Sept. 15, 2000) (Fitzwater, J.), *aff'd*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam) (affirming, *inter alia*, this conclusion).

- 6 -

B

In this case, the court has subject matter jurisdiction only because of the presence of federal question causes of action (Title VII and § 1981).  The parties are not completely diverse citizens.  As the court recently explained,

> [w]hen jurisdiction is founded upon a federal statute that is silent as to service of process, and a state long-arm statute is therefore utilized to serve an out-of-state defendant, Rule 4 requires that the state's standard of amenability to jurisdiction apply.  Title VII does not provide for nationwide service of process.  When a plaintiff invokes federal question jurisdiction and serves process under a state long-arm statute, a federal court can assert jurisdiction only if the state court could have done so.

*Berry v. Lee*, No. 3:05-CV-0014-D, slip op. at 7 (N.D. Tex. Mar. 8, 2006) (Fitzwater, J.) (citations, internal quotation marks, and brackets omitted).  The court has located no case that holds that § 1981, unlike Title VII, provides for nationwide service of process.  Statutes that do so provide, such as the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461, contain an explicit provision that is not found in § 1981.  *See* 29 U.S.C. § 1132(e)(2) ("Where an action under this subchapter is brought in a district court of the United States, . . . process may be served in any other district where a defendant resides or may be found.").  It appears from the record that King served Enterprise Company through the Texas Long-Arm statute, *see, e.g.,* 3d Am. Compl. ¶ 1.04 (describing manner in which service can be made), and

Enterprise Company does not explicitly challenge the premise that service was effected under this statute.   Accordingly, the court will decide Enterprise Company's motion under the Due Process Clause of the Fourteenth Amendment.

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.   To comport with due process, the defendant's conduct in connection with the forum state must be such that he should reasonably anticipate being haled into court in the forum state.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnote and internal quotation marks omitted).   A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant.   *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999).   "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action.   General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'"   *Id.* (citations omitted).   For the court properly to assert specific personal jurisdiction, Enterprise Company must have purposefully directed its activities at a Texas resident, and the litigation must result from alleged injuries that arise out of or

- 8 -

relate to its activities directed at Texas.  *See Archer & White, Inc. v. Tishler*, 2003 WL 22456806, at *2 (N.D. Tex. Oct. 23, 2003) (Fitzwater, J.).

C

King maintains that the court can exercise personal jurisdiction over Enterprise Company based on general or specific jurisdiction.  The court need only consider the issue of specific jurisdiction.

Although Enterprise Company vigorously disputes King's evidence, when the court resolves in her favor all factual conflicts posed by the affidavits and declarations, it is clear that she has made a prima facie showing that Enterprise Company was her employer.[3]  According to King's proof, the Loss Control Department of which she was a part (first as a management trainee, then as a Loss Control Administrator, and finally as a Loss Control Specialist) is a component of Enterprise Company.  *See* P. Jan. 18, 2006 App. 54-55 & 86-90.[4]  She received direction, supervision, and

---

[3]This holding, which would seem to exclude the conclusion that Enterprise-Texas was also her employer, can be reconciled with that determination in two ways.  First, the earlier decision regarding Enterprise-Texas was made under the Rule 12(b)(6) standard.  Second, King can maintain that Enterprise Company was her employer and that Enterprise-Texas was also her employer under a single integrated enterprise theory.  The two premises are not mutually exclusive.

[4]The court has not considered evidence that is supported only by King's subjective beliefs or those attributed to other employees.

work policies from Enterprise Company employees, *id.* at 54, her employment benefits (health and life insurance, vacation, sick leave, bonuses, retirement plans, stock option plans, and 401(k) benefits) were all governed by Enterprise Company, *id.* at 54-55, and she participated in the Enterprise Company profit sharing plan, *id.* at 55.  Enterprise Company Loss Control/Liability Rosters show that its employees are located throughout parts of the United States, Canada, and the United Kingdom, including several in Texas. *See id.* at 60-74 & 77-84.

Because King has made a prima facie showing that Enterprise Company was her employer and discriminated and retaliated against her in Texas, where she was employed, she has likewise made a prima facie showing of specific jurisdiction, i.e., that Enterprise Company's contacts with Texas arise from, or are directly related to, the cause of action.

D

The court next determines whether exercising personal jurisdiction over Enterprise Company would offend traditional notions of fair play and substantial justice.

> [O]nce minimum contacts are established, a defendant must present a compelling case that the presence of some consideration would render jurisdiction unreasonable.  In fact, only in rare cases will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state.

- 10 -

*WRR Indus., Inc. v. Prologis*, 2006 WL 247894, at *4 (N.D. Tex. Feb. 2, 2006) (Lindsay, J.) (citations, quotation marks, and some brackets omitted). "[W]hen determining the fundamental fairness issue this court will normally examine (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Id.* (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

Because Enterprise Company does not argue specifically that exercising jurisdiction over it would offend traditional notions of fair play and substantial justice, the court will not address these factors in detail.  It is sufficient to conclude that Enterprise Company will not be unduly burdened by litigating a case in a state where the plaintiff has made a prima facie showing that the company does business as an employer, that Texas has an interest in protecting Texas employees from discrimination and retaliation, that King has an interest in obtaining convenient and effective relief in Texas, that resolution of this controversy can be accomplished efficiently here, and that the shared interest of the several states in furthering fundamental substantive social policies supports litigating the case in the state where the

- 11 -

employee allegedly suffered discrimination and retaliation.

                        *      *      *

    Enterprise Company and Enterprise-Texas may be able to obtain summary judgment or to defeat King's claims at trial on the basis that they were not her employer.  The court suggests no view on how the merits of this issue would be resolved in procedural contexts less deferential than those that apply to the Rule 12(b)(2) and 12(b)(6) motions at issue here.  Defendants' December 28, 2005 motions to dismiss are denied.

    **SO ORDERED.**

    March 28, 2006.


                            _____
                            SIDNEY A. FITZWATER
                            UNITED STATES DISTRICT JUDGE