IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRECE KING, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:05-CV-0026-D |
| VS. § | |
| § | |
| ENTERPRISE LEASING COMPANY § | |
| OF DFW, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant Patrece King's ("King's") August 9, 2006 motion to dismiss defendant-counterplaintiff Enterprise Leasing Company of DFW's ("Enterprise-DFW's") counterclaim is denied.[1]

I

King sues Enterprise-DFW and two related parties to recover under federal and state law on claims for race and sex discrimination, retaliation, and breach of contract. Enterprise-DFW counterclaims for indemnification, contending that King is liable for costs, damages, liabilities, and expenses resulting from her assertion in this lawsuit of claims that were released under a

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Mediation Settlement Agreement and Settlement and Release Agreement ("Agreement"), i.e., that are based on conduct that occurred on or before August 6, 2003, the date of the Agreement.  King moves to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(1), (b)(6), and (b)(7).  She maintains that Enterprise-DFW lacks standing to assert a counterclaim; the court lacks jurisdiction over the counterclaim; the counterclaim fails to state a claim on which relief can be granted; and the counterclaim must be dismissed because Enterprise-DFW has not joined the Equal Employment Opportunity Commission ("EEOC") as a party.[2]

                                II

King maintains that Enterprise-DFW lacks standing to enforce the Agreement because it has failed to plead facts that indicate it has standing, the parties to the Agreement were King and "Enterprise Rent-A-Car," and Enterprise-DFW was not identified as or referred to as a party.

Enterprise-DFW has shown that it has standing at least on the basis that "Enterprise Rent-A-Car" was the name King used in identifying her employer in the EEOC charge that was settled, and that "Enterprise Rent-A-Car" is the assumed name of Enterprise-DFW.  Accordingly, the basis for King's motion is denied.

---

[2]There are other pending motions in this lawsuit that will be decided separately, in due course.

III

King contends that the court lacks jurisdiction over the counterclaim because it is permissive rather than compulsory, and because it is permissive, it must have an independent jurisdictional basis—i.e., diversity of citizenship, supplemental jurisdiction, or federal question—which Enterprise-DFW has failed to plead.

The court has supplemental jurisdiction over Enterprise-DFW's indemnification claim under 28 U.S.C. § 1367(a), because the counterclaim arises from a common nucleus of operative facts with parts of King's claims against Enterprise-DFW.[3] *See, e.g., Bank Of India v. Trendi Sportswear, Inc.,* 239 F.3d 428, 436-37 (2d Cir. 2000) (addressing third-party action for indemnification and "ancillary" jurisdiction, which by statute is now subsumed within supplemental jurisdiction).  Accordingly, this ground of King's motion is denied.

IV

King argues that the counterclaim fails to state a claim on which relief can be granted because Enterprise-DFW has not pleaded with specificity the basis for the counterclaim (apart from the provision of the Agreement on which it is based), the counterclaim is not ripe, and it is futile.

---

[3]The court does not suggest that it would exercise such jurisdiction if this were the only remaining claim in the case.

In a prior opinion in this case, the court set out the standards that govern a motion to dismiss under Rule 12(b)(6). *King v. Enter. Leasing Co. of DFW*, 2006 WL 784885, at *2 (N.D. Tex. Mar. 28, 2006) (Fitzwater, J.). Applying those standards and the highly deferential standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to Enterprise-DFW's counterclaim, and viewing the allegations of the counterclaim in the light most favorable to Enterprise-DFW for purposes of deciding the motion to dismiss, *see, e.g., Royal Bank of Canada v. FDIC*, 733 F. Supp. 1091, 1094 (N.D. Tex. 1990) (Fitzwater, J.), the court is unable to say that Enterprise-DFW can prove no set of facts, consistent with the allegations, that would entitle it to relief. The court therefore denies this ground of the motion to dismiss.

V

Finally, King urges that Enterprise-DFW's counterclaim must be dismissed because it has failed to join the EEOC as a party. Citing Rule 19(a), she argues that the Agreement is dependent on the rights of the EEOC under a separate agreement, and Enterprise-DFW's rights cannot be determined without affecting the EEOC's interests.

Because the EEOC is not a party to the Agreement itself, King has failed to show at this stage of the litigation that the EEOC is a necessary party whose joinder is mandated so that it may protect its interests. This basis for the motion to dismiss is denied.

\*   \*   \*

King's August 9, 2006 motion to dismiss Enterprise-DFW's counterclaim is denied.

**SO ORDERED.**

March 20, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE